IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


TEDDY S. STOKES,
    Petitioner,

vs.                                          Case No.: 3:05cv324/MCR/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

**ORDER**

      This cause is before the court on Petitioner's "Motion to Hold in Abeyance Petitioner's Petition for Writ of Habeas Corpus" (Doc. 41), which the court construes as a motion to stay. Respondent has filed a response in opposition to Petitioner's motion (Doc. 47).

      Petitioner requests that the court stay his federal habeas petition to allow him to present his "just recently discovered constitutional claims" to the state court and then return to federal court for review of his petition (Doc. 41 at 3).

      Petitioner first alleges he "has found the presence of an illegal sentence in his sentencing paperwork" and proposes to file a motion under Rule 3.800(a) of the Florida Rules of Criminal Procedure (*id.* at 5).[1] Petitioner alleges that because his crimes were committed "in a single criminal transaction," the sentences for his offenses "cannot be [run] consecutive" (*id.*).[2]  Next, Petitioner advises that he "is also beginning the research and drafting phase of a [Rule] 3.850, Fla. R. Crim.

---

[1] Rule 3.800(a) provides that a "court may <u>at any time</u> correct an illegal sentence imposed by it." Fla. R. Crim. P. 3.800(a) (emphasis supplied).

[2] The record shows that on July 29, 1999, Petitioner was convicted of first degree murder and robbery with a firearm for the armed robbery and shooting of Mallie Ellis Barnard (*see* Doc. 15, Exs. A, B). The following day, he was sentenced to consecutive terms of life imprisonment without the possibility of parole (*id.*, Ex. B at 97–103).  After seeking relief in state court, Petitioner filed the instant habeas action on August 16, 2005 (Doc. 1 at 15).

P. [motion] for filing," which he admits is "untimely" (*id.*). Petitioner states that his proposed Rule 3.850 motion will raise "multiple grounds" concerning his "right to a fair trial, right to effective representation, and right to a conflict-free counsel" (*id.* at 5–6). With regard to the proposed Rule 3.850 motion's timeliness, Petitioner alleges only that he will proceed under the "manifest injustice exception to the two-year procedural time limit" for filing Rule 3.850 motions (*id.* at 5).[3] Petitioner seeks a stay of the instant proceeding in order to pursue both avenues of relief in the state courts.

Petitioner acknowledges that he is "well outside the one-year [] time limit for the filing of a timely 28 U.S.C. § 2254 petition and that absent other extenuating circumstances [he] would be time barred from adding new claims, [but Petitioner] avers that he is proceeding under the rationale as [explained] in Walker v. Crosby, 341 F.3d 1240 [(11th Cir. 2003)]" (Doc. 41 at 3). Petitioner (who presumes he will be granted Rule 3.800 relief in the state courts — at least to the extent that he will be granted a resentencing hearing) contends that Walker held "that when a claim arising out of a resentencing judgement is presented on a § 2254 petition along with other claims arising from the original judgment, the statute of limitations for a habeas application challenging a resentencing court's judgment begins to run on the date the resentencing judgement became final and not the date that the original judgment became final" (*id.* at 4).

---

[3]Rule 3.850(b) provides:
Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that

> (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
> (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, or
> (3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.

Fla. R. Crim. P. 3.850(b). The court notes that there is no "manifest injustice exception" to the time limitations imposed by Rule 3.850. *See id.* To the extent Petitioner is attempting to proceed under the exception for claims "unknown to the movant . . . [that] could not have been ascertained by the exercise of due diligence," his proposed 3.850 claims appear to fall outside of the exception for the same reasons articulated *infra* at pp. 3–4. In short, Petitioner has not stated any reason excusing his belated discovery of the "just recently discovered constitutional claims." In fact, Petitioner has not even attempted to show any cause to justify the late discovery of the "new" issues he raises. Furthermore, even if the state court permitted Petitioner to proceed under an exception to the time limit imposed by Rule 3.850(b), Petitioner still is not entitled to a stay of the instant proceedings. *See infra* at pp. 3–4.

Case No.: 3:05cv324/MCR/EMT

Notwithstanding Petitioner's interpretation of Walker,[4] the court notes that in Rhines v. Weber, 544 U.S. 269, 278 (2005), the Supreme Court held that the district court should stay, rather than dismiss, a "mixed" petition if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." With respect to Petitioner's claim that he will seek resentencing pursuant to Rule 3.800(a), Petitioner has stated no reason for his failure to exhaust this avenue of relief; thus, he has failed to satisfy the "good cause" prong of the Rhines standard. Not only was Petitioner present when his sentence was pronounced in open court (*see* Doc. 15, Ex. B at 1307–20), he offers no explanation for why he could not have discovered this claim "in his sentencing paperwork" through the exercise of due diligence. Similarly, turning to Petitioner's proposed Rule 3.850 motion in which he will raise "multiple grounds" for relief, and again looking to the Rhines standard regarding stays, the court notes that Petitioner has stated no reason for his

---

[4]It is not necessary to address Petitioner's argument under Walker. The court notes that Petitioner appears to contend that his resentencing pursuant to Rule 3.800(a) would "reopen" the one-year limitations period under § 2254 and provide Petitioner with a means to assert "new" issues with respect to his original conviction (*see* Doc. 41 at 7 (arguing that resentencing would "reopen [Petitioner's] one-year AEDPA deadline as long as one issue involves the resentencing judgment")). Petitioner apparently assumes that his yet-to-occur resentencing will be plagued with constitutional error and will thus provide him with at least "one issue" on to which he can boot-strap his "new" allegations of error regarding his original conviction. Petitioner has not, because it is impossible and addresses events that have not yet occurred, provided any factual support for this assumption. Thus, this court need not engage in a hypothetical discussion about events that may never come to pass. *See, e.g.*, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (explaining that Article III standing requires an actual injury and cannot be premised on conjectural or hypothetical allegations of injury).

Furthermore, in Rainey v. Sec'y for Dept. of Corrs., 443 F.3d 1323, 1326 (11th Cir. 2006), the court addressed "whether a habeas corpus petitioner who was resentenced, but whose application only challenges the original trial proceedings without raising any challenge based on the resentencing judgment, is entitled to the benefit of a new statute of limitations period commencing from the date the resentencing judgment became final." The Eleventh Circuit held that "case law and the plain language of the statute support the conclusion that when a petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under the [Antiterrorism and Effective Death Penalty Act (AEDPA)] runs from the date the original judgment of conviction became final and not the date the resentencing judgment became final." *Id.* Thus, it would appear that Petitioner's reliance on Walker is likely misplaced. *See, e.g.*, Sykosky v. Crosby, No. 3:04CV416/MCR/EMT, 2005 WL 1334600, at *2 (N.D. Fla. Jun. 6, 2005) (explaining that Walker was inapplicable to a habeas petition containing only challenges to the original judgment of conviction).

Case No.: 3:05cv324/MCR/EMT

failure to exhaust these claims in state court;[5] thus, he has once again failed to satisfy the "good cause" prong of the Rhines standard.  *See* Rhines, 544 U.S. at 278.

Moreover, Petitioner has failed to establish that his unexhausted claims are potentially meritorious.  Petitioner's claim of "illegal" sentence is wholly grounded upon the application of Florida sentencing law; thus, it cannot provide any basis for federal habeas relief.  Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 875, 79 L. Ed. 2d 29 (1984); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) ("In the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."); *see also* 28 U.S.C. § 2254(a).  Similarly, Petitioner alleges only general and vague grounds for Rule 3.850 relief, which are lacking in factual support, including alleged violations of the right to conflict-free counsel, effective representation, and a fair trial.  Although Petitioner appears to assert that a claim of actual innocence will be raised in his proposed Rule 3.850 motion based on the fact that he was "not the last person to see the victim alive" (Doc. 41 at 7), Petitioner cannot establish that this is a meritorious ground for relief, especially considering that Petitioner was aware of this fact and included it in his first Rule 3.850 motion (*see* Doc. 15, Ex. G at 44).  Thus, he has failed to establish that the proposed grounds are potentially meritorious.

Although Petitioner cannot establish each of the Rhines requirements for a stay, Petitioner additionally argues that it is "within the court's equittable [sic] powers" to stay the instant habeas action until he has exhausted his new state claims (Doc. 41 at 1).  Other than asserting the potential Rule 3.800(a) and Rule 3.850 claims described *supra*, Petitioner has stated no grounds and made no argument that he is entitled to equitable tolling.

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001).

---

[5]The court notes that that the precise nature of Petitioner's proposed Rule 3.850 claims is not clear.  Still, Petitioner has not stated any reason, much less a good reason, for failing to discover and raise these claims previously. Indeed it appears that these claims must have been know to Petitioner or could have been discovered through the exercise of due diligence long before he filed his first 3.850 motion because they concern Petitioner's right to effective representation and a fair trial.  Although Petitioner additionally asserts that his right to conflict-free counsel was violated, and he intends to raise this claim in the future 3.850 motion, he states only that he has "testimonial and documentary evidence" in support of this claim (Doc. 41 at 5–8).  He does not identify the nature of the evidence.

Case No.: 3:05cv324/MCR/EMT

However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999)), *cert. denied*, 537 U.S. 1237, 123 S. Ct. 1364 (2003); *see also* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, 177 F.3d 1271).  The burden of establishing entitlement to this extraordinary remedy rests with Petitioner.  *See* Wade, 379 F.3d at 1265; Drew, 297 F.3d 1286.

Petitioner has offered no reason for delaying the filing of his potential Rule 3.800(a) and Rule 3.850 motions, let alone a reason that constitutes an "extraordinary circumstance" both beyond his control *and* unavoidable even with diligence.  Therefore, equitable tolling is not warranted in this case.

Accordingly, it is **ORDERED**:

Petitioner's "Motion to Hold In Abeyance Petitioner's Petition for Writ of Habeas Corpus" (Doc. 41), construed as a motion to stay, is **DENIED**.

**DONE AND ORDERED** this 15th day of May 2007.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M.  TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**